[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14046

_____

D. C. Docket No. 8:11-cv-00724-SCB,
BKCY No. 8:09-bk-06495-MGW

In Re: SUMMIT VIEW, LLC,
        ASHLEY GLEN, LLC,
        RIVERWOOD, LLC,

                                              Debtors.
_____

THADDEUS FREEMAN PLLC,

                                              Plaintiff-Appellant,

                        versus

SUMMIT VIEW, LLC,
ASHLEY GLEN, LLC,
RIVERWOOD, LLC,

                                              Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 13, 2012)

Before DUBINA, Chief Judge, EDMONDSON, Circuit Judge, and RESTANI,[*] Judge.

PER CURIAM:

This is an appeal from an order of the district court upholding an order of the bankruptcy court in which the bankruptcy court granted the debtors' motion to enforce settlement agreement in favor of Appellees, Summit View, LLC, Ashley Glen, LLC, and Riverwood, LLC, and over the objection of the Appellant, Thaddeus Freeman, PLLC ("Freeman"). Freeman, counsel for the creditor, WDG Construction, Inc., ("WDG") opposed the enforcement of the settlement agreement on the ground that his charging lien attached to plan payments due under the settlement agreement. The bankruptcy court, however, disagreed, and ruled that Freeman's charging lien did not attach to plan payments, and further, that Freeman was estopped from enforcing his lien as to those payments. The district court affirmed the bankruptcy court's order and Freeman then perfected this appeal.

The issues presented on appeal are (1) whether the bankruptcy court and the district court correctly held that Freeman's charging lien applies only to the funds recovered by his client under the settlement agreement; (2) whether the bankruptcy

---

[*]Honorable Jane A. Restani, United States Court of International Trade Judge, sitting by designation.

court and the district court correctly ruled that Freeman's charging lien did not attach to the subject plan payments subsequent to their assignment under the settlement agreement; and (3) whether the bankruptcy court and district court correctly held that Freeman was estopped from asserting a charging lien.

In bankruptcy proceedings, we review factual findings for clear error and conclusions of law *de novo*. *Gen. Trading, Inc. v. Yale Materials Handling Corp.*, 119 F.3d 1486, 1494 (11th Cir. 1997). We review the district court's conclusions of law, that were in turn reflective of conclusions of the bankruptcy court, *de novo*. *Id.*

After reviewing the record, reading the parties' briefs and having the benefit of oral argument, we affirm the district court's order affirming the bankruptcy court's order granting the debtors' motion to enforce settlement agreement based on the district court's well-reasoned order filed on August 1, 2011.

**AFFIRMED.**